USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-22-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES D. SCHNELLER,

                    Appellant,                    13 Civ. 6554 (PKC)

     -v.-

JOURNAL REGISTER COMPANY,                   MEMORANDUM & ORDER

                    Appellee.
-----------------------------------------------------------x

-----------------------------------------------------------x
In re

JOURNAL REGISTER COMPANY, et al.,            Case No. 09-10769 (ALG)

                    Debtors.
-----------------------------------------------------------x

-----------------------------------------------------------x
In re

PULP FINISH 1 COMPANY (f/k/a Journal         Case No. 12-13774 (SMB)
Register Company), et al.,

                    Debtors.
-----------------------------------------------------------x

CASTEL, District Judge:

        Appellant James D. Schneller, proceeding pro se, filed two appeals seeking review of several orders entered in two separate Chapter 11 reorganization cases brought in the name of the same debtor, Journal Register Company. Schneller seeks to prosecute state law claims against the Goodson Holding Company, Inc. ("Goodson"), the publisher of the Delaware County Times newspaper and a debtor in each of the two cases. The liquidating trustee in the more recent Chapter 11 case has moved to dismiss both of Schneller's appeals, which appeals this Court consolidated in a prior order. For the reasons set forth below, the orders of the bankruptcy courts are affirmed, and the consolidated appeals are dismissed.

I.      BACKGROUND AND PROCEDURAL HISTORY

    A.  The Bankruptcy Cases of Journal Register

On February 21, 2009, Journal Register Company and its then-existing affiliates and wholly-owned subsidiaries (together, the "2009 Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the Southern District of New York (the "2009 Case").[1] The 2009 Debtors confirmed a plan of reorganization (the "2009 Plan") with an Effective Date of August 7, 2009. (Dkt. No. 304, Case No. 09-10769 (Bankr. S.D.N.Y.)) The 2009 Plan and the confirmation order approving the plan (Id., Dkt. No. 532) discharged the 2009 Debtors from "any and all Claims, Interests, rights and liabilities that arose prior to the Effective Date" and further precluded creditors from prosecuting or asserting any such claims against any of the 2009 Debtors. (Id., Dkt. No. 304) Publication notice of the 2009 Case, the 2009 Plan, and corresponding deadlines to file claims against the 2009 Debtors was provided in several national and regional newspapers, including the Delaware County Times. (See, e.g., id., Dkt. Nos. 76, 124) The 2009 Case was closed on September 30, 2010. (Id., Dkt. No. 946)

On September 5, 2012, the Journal Register Company and its then-existing affiliates and wholly-owned subsidiaries filed another petition for relief under Chapter 11 of the Bankruptcy Code in the same bankruptcy court (the "2012 Case").[2] A joint plan of liquidation was confirmed by the bankruptcy court on October 15, 2013. (Id., Dkt. No. 856)

    B.  Schneller's Claims in State Court

The Delaware County Times, a newspaper published and circulated in Delaware

---

[1] The 2009 Debtors' cases were jointly administered and consolidated for procedural purposes under the lead case of In re Journal Register Co., Case No. 09-10769 (ALG) (Bankr. S.D.N.Y.).
[2] The 2012 Debtors' cases were jointly administered and consolidated for procedural purposes under the lead case of In re Pulp Finish 1 Co. f/k/a Journal Register Co., Case No. 12-13774 (SMB) (Bankr. S.D.N.Y.).

County, Pennsylvania, is owned by Goodson, an affiliate of the Journal Register Company and a debtor in both the 2009 and 2012 Cases.  On October 9, 2008, the Delaware County Times published a single-page article (the "Article") reporting on a suit filed at the Delaware County Court by attorney John Prodoehl on behalf of a local doctor and his medical practice.  (Dkt. No. 5-1 at 62, 13 Civ. 6555)  The suit sought an injunction barring Schneller from filing further lawsuits against Prodoehl's clients.  (Id.)  Cataloguing Schneller's extensive history of lawsuits against the attorney's clients, the Article quoted Prodoehl directly, and also quoted extensively from court filings in the case.  (Id.)  In these filings, Prodoehl stated, "Mr. Schneller's litigiousness is staggering: In the past four years, he has commenced at least 60 lawsuits and prosecuted 57 appeals, all without success to date . . . His targets have been hospitals, physicians, nurses, nursing homes, drug companies, attorneys, law firms, banks, funeral homes, the Montgomery County Prothonotary, his own siblings[,] and others."  (Id.)

On December 3, 2009, approximately four months after the confirmation of the 2009 Plan, Schneller instituted a civil action against Goodson, the Delaware County Times, Prodoehl, and Marlene DiGiacomo, the author of the Article, in the Delaware County Court of Common Pleas (the "First State Court Action"), alleging defamation, invasion of privacy, and civil rights violations arising from the Article.  Schneller v. Delaware Cnty. Times, Case No. 2009-15767 (Del. Cnty. Ct. of Common Pleas).  The case was dismissed on March 12, 2010 for failure to pay the filing fee; subsequently, a petition to strike the order dismissing the case was denied, and an appeal to the Pennsylvania Superior Court was quashed on October 25, 2010.

On February 28, 2011, Schneller filed a substantially similar cause of action in the same state court (the "Second State Court Action"), against the same defendants.  Schneller v. Delaware Cnty. Times, Case No. 2011-001609 (Del. Cnty. Ct. of Common Pleas).  Goodson, the

Delaware County Times, and DiGiacomo (together, the "Media Defendants") filed preliminary objections seeking dismissal of the claims on grounds that the suit represented a prepetition claim barred by the confirmation of the 2009 Plan. (Id., Dkt. Entry for May 18, 2011)  In an order entered on August 12, 2011, the state court sustained the Media Defendants' objections and dismissed the complaint as to them with prejudice. (Dkt. No. 5-1 at 26, 13 Civ. 6555 (S.D.N.Y.))  The state court also sustained a preliminary objection filed by Prodoehl, dismissing the complaint as to Prodoehl without prejudice and granting Schneller leave to file an amended complaint as to Prodoehl only. (Dkt. No. 5-1 at 25)

Notwithstanding the dismissal with prejudice, on February 17, 2012 Schneller filed an amended complaint that included counts against the Media Defendants. (Case No. 2011-001609 (Del Cnty. Ct. of Common Pleas))  On March 16, 2012, the Media Defendants again filed preliminary objections; Schneller filed a second amended complaint on April 17, 2012 adding further causes of action against the Media Defendants, and another set of preliminary objections followed. On June 6, 2012, the state court issued an order sustaining the objections of the Media Defendants and dismissing the second amended complaint as to them. Schneller filed a motion for reconsideration on July 27, 2012, which was denied by the state court on August 17, 2012.

On October 13, 2013, Schneller filed a Notice of Removal, attempting to remove the dismissed state case to the United States Bankruptcy Court in the Eastern District of Pennsylvania. (Dkt. No. 1, Schneller v. Delaware Cnty. Times, Case No. 13-00529 (Bankr. E.D. Pa.)). By order issued on December 11, 2013, the bankruptcy court declared Schneller's notice of removal void and closed the adversary proceeding. (Id., Dkt. No. 6)  The bankruptcy court based its order on a review of the entire procedural history of the case in state court and in the

Journal Register Company's two bankruptcy cases, noting that the claims had been dismissed with prejudice in state court and repeatedly rejected in both bankruptcy cases.  (Id.)

   C. Schneller's Claims Before The Bankruptcy Courts and Subsequent Appeals

    Schneller appeals from several orders of the bankruptcy courts arising out of his participation in both of the Journal Register Company's Chapter 11 cases.  In both cases, Schneller sought relief from the bankruptcy court to enable him to prosecute his claims in state court despite the discharge and stay of claims against the Debtors.  With respect to the 2009 Case, Schneller never filed a proof of claim; the First State Court Action was filed four months after the confirmation of the 2009 Plan.  On May 29, 2012, nearly three years after confirmation and over two years after the closing of the 2009 Case, Schneller filed a motion seeking to reopen the case and to obtain relief from the 2009 Plan injunction barring his claims against the debtors.  (Dkt. No. 976, Case No. 09-10769 (Bankr. S.D.N.Y.))  With respect to the 2012 Case, Schneller filed a proof of claim on February 13, 2013.  (Dkt. No. 682 at 7, Case No. 12-13774 (Bankr. S.D.N.Y., Jun. 27, 2013))

    As of May 20, 2014, Schneller has submitted fourteen filings in the 2009 Case and over thirty filings in the 2012 Case.  In the interest of brevity, only the bankruptcy court orders that Schneller now seeks to appeal are discussed in this Memorandum and Order.  They are as follows.

    On July 11, 2013, Schneller simultaneously filed an Application to Proceed In Forma Pauperis on Appeal in both the 2009 Case and the 2012 Case; both of these applications were labeled as Notices of Appeal by the Bankruptcy Clerk of Court, and both indicated that Schneller sought to appeal from separate June 27, 2013 orders entered by each bankruptcy court.

-5-

(Dkt. No. 1, 13 Civ. 6554 & 13 Civ. 6555)  On August 26, 2013, Schneller separately filed a Notice of Appeal in the 2009 Case, indicating that he sought to appeal from the bankruptcy court's orders of July 9, 2012, June 27, 2013, and July 30, 2013.  (Dkt. No. 2, 13 Civ. 6554)

The July 9, 2012 order denied Schneller's motion to reopen the closed 2009 Case, and to modify the permanent injunction in that case to allow him to pursue his state court claims.  (Dkt. No. 982, Case 09-10769 (Bankr. S.D.N.Y.))  The June 27, 2013 order denied Schneller's motion for reconsideration of the June 27, 2013 order and also denied Schneller's separate motion for sanctions against debtors' counsel under Rule 9011 of the Federal Rules of Bankruptcy Procedure.  (Id., Dkt. No. 991)  The July 30, 2013 order declined to grant Schneller leave to appeal from the previous rulings in forma pauperis; Bankruptcy Judge Gropper stated that he was denying Schneller's request based on "the inherent power of a court to deny in forma pauperis relief in cases that are wholly frivolous."  (Id., Dkt. No. 994)

Although Schneller's initial brief filed in both of his appeals addressed only the orders issued in the 2009 Case, Schneller asserted in a response brief that he also sought to challenge the June 27, 2013 order in the 2012 Case disallowing and expunging his claims in their entirety.  (Dkt. No. 9, 13 Civ. 6555)  Schneller never filed a Notice of Appeal in the 2012 Case. The application to proceed in forma pauperis that was labeled as a Notice of Appeal by the Bankruptcy Clerk of Court indicates that Schneller sought to appeal from the June 27, 2013 order in the 2012 Case.  (Dkt. No. 1, 13 Civ. 6555; Dkt. No. 682, Case No. 12-13774 (Bankr. S.D.N.Y.) ("Applicant James Schneller applies for leave to proceed in forma pauperis on appeal from the order expunging his claim.")

On December 23, 2013, this Court issued an order consolidating the two appeals and deeming the Liquidating Trustee's motion to dismiss filed in both appeals.  (Dkt. No. 12, 13

Civ. 6554; Dkt. No. 10, 13 Civ. 6555)  This Court entered a further order on January 28, 2014 allowing, in the exercise of discretion, Schneller to file a brief addressing the subject matter of his appeal from the order in the 2012 Case.  (Dkt. No. 13, 13 Civ. 6554; Dkt. No. 11, 13 Civ. 6555)  Schneller submitted a brief pursuant to the January 28, 2014 order, which was docketed on March 7, 2014.  (Dkt. No. 17, 13 Civ. 6554)

II.     LEGAL STANDARD

28 U.S.C. § 158(a)(1) vests district courts of the United States with jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy courts.  Schneller appeals from four aspects of the bankruptcy court's orders in the 2009 Case.  First, he argues that the bankruptcy court erred in denying his motion to reopen the closed 2009 Case and modify the permanent injunction to allow him to prosecute his state claims.  Second, he argues that the bankruptcy court erred in denying his motion for reconsideration of the first issue.  Third, he argues that the bankruptcy court abused its discretion in denying his motion under Fed. R. Bankr. P. 9011 seeking to impose sanctions on the 2009 Debtors' counsel.  Fourth, he appears to challenge the bankruptcy court's ruling declining to grant him leave to appeal in forma pauperis.

In general, a district court sitting as an appellate court reviews a bankruptcy court's conclusions of law de novo and its findings of fact for clear error.  Stolz v. Brattleboro Hous. Auth. (In re Stolz), 315 F.3d 80, 87 (2d Cir. 2002); see also Fed. R. Bankr. P. 8013.  However, an abuse of discretion standard applies for each of the four orders appealed from in the 2009 Case.  First, a bankruptcy judge's decision to grant or deny a motion to reopen a closed bankruptcy case pursuant to 11 U.S.C. § 350(b) "shall not be disturbed absent an abuse of discretion."  In re Smith, 645 F.3d 186, 189 (2d Cir. 2011) (citing State Bank of India v.

Chalasani, 92 F.3d 1300, 1307 (2d Cir. 1996)).  Second, where a party appeals a bankruptcy court's denial of a motion for reconsideration pursuant to Rule 60 of the Federal Rules of Civil Procedure, the bankruptcy court's decision is reviewed under the abuse of discretion standard.  See Fed. R. Bankr. P. 9024; In re Teligent, 326 B.R. 219, 224 (S.D.N.Y. 2005) (citing Gey Assocs. Gen. P'ship v. 310 Assocs., L.P. (In re 310 Assocs.), No. 02 Civ. 0710, 2002 WL 31426344, at *2 (S.D.N.Y. Oct. 29, 2002), aff'd 346 F.3d 31, 34 (2d Cir. 2003)).

Third, an appellate court reviews a lower federal court's ruling on a motion for sanctions for abuse of discretion.  In re Burdick Associates, 150 B.R. 516, 518 (E.D.N.Y. 1993) (citing Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 400 (1990)).  Finally, a lower court's denial of an application to appeal in forma pauperis on grounds that the appeal would be frivolous is reviewed for abuse of discretion.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A bankruptcy court abuses its discretion when it arrives at a decision "(i) resting on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (ii) "though not necessarily the product of legal error or clearly erroneous factual finding, cannot be located within the range of permissible decisions."  In re Aquatic Dev. Group, Inc., 352 F.3d 671, 678 (2d Cir. 2003) (internal quotations and citation omitted); see also In re Enron Corp., 364 B.R. 482, 486 (S.D.N.Y. 2007) ("The Court is not to consider whether it would have made the same decision, but only whether the decision was reasonable.").

With respect to Schneller's appeal from the June 27, 2013 order in the 2012 Case, on an appeal from a disallowance order, the Court accepts the bankruptcy court's findings of fact unless clearly erroneous while reviewing its conclusions of law de novo.  In re Ciena Capital LLC, 440 B.R. 47, 51 (S.D.N.Y. 2010) (citing Momentum Mtg. Corp. v. Employee Creditors Comm. (In re Momentum Mfg. Corp.), 25 F.3d 1132, 1136 (2d Cir. 1994)); see also Fed. R.

Bankr. P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.").

III. DISCUSSION

    A. Timeliness and Propriety of the Appeals

As a threshold matter, the Liquidating Trustee argues that both of Schneller's appeals must be dismissed for lack of jurisdiction, for two reasons: with respect to the 2012 Case, no Notice of Appeal was ever filed, and with respect to both cases, Schneller's attempt to appeal was untimely. Rule 8002(a) of the Federal Rules of Bankruptcy Procedure sets forth the deadlines for filing an appeal from a judgment of a bankruptcy court to a district court. This rule provides that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).

The time limit in Bankruptcy Rule 8002(a) is jurisdictional. Siemon v. Emigrant Sav. Bank (In re Siemon), 421 F.3d 167, 169 (2d Cir. 2005). "[I]n the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.' " Id. This principle applies with equal force to pro se litigants. See, e.g., id.; Chaturvedi v. O'Connell, 335 F. App'x 145, 146 (2d Cir. 2009) (citing Siemon at 169); Heller v. Emanuel (In re Emanuel), 460 F. App'x 48, 49-50 (2d Cir. 2012) (citing Siemon at 169).

At Schneller's insistence, the Bankruptcy Clerk labeled each of his two applications to appeal in forma pauperis as Notices of Appeal. Schneller argues that this Court has jurisdiction because these applications were filed within 14 days of the two June 27, 2013

orders from which he seeks to appeal.  In several Courts of Appeals outside of the Second Circuit, applications for leave to proceed in forma pauperis on appeal are treated as notices of appeal.  See, e.g., United States v. Jackson, 684 F.2d 245, 246 n.3 (3d Cir. 1982); Robbins v. Maggio, 750 F.2d 405, 408 (5th Cir. 1985); Wilborn v. Escalderon, 789 F.2d 1328, 1330 (9th Cir. 1986); Hamilton v. Ford, 969 F.2d 1006, 1010 n.2 (11th Cir. 1992); Randolph v. Randolph, 198 F.2d 956, 957 (D.C. Cir. 1952).

The Second Circuit has not directly addressed this issue.  In Kim v. Columbia Univ., 487 F. App'x 600, 602 (2d Cir. 2012), the Second Circuit held in a non-precedential summary order that an appellant's indication in his district court motion seeking leave to proceed in forma pauperis constituted a timely notice of appeal under the applicable Federal Rule of Appellate Procedure, Rule 4(a)(4).  The court stated that it had jurisdiction to consider the motion because it "construe[s] the filings of pro se litigants liberally."  Id.  Although the law in this area is unsettled, because Schneller is a pro se litigant the Court will address the merits of his appeals.

B.  Merits of the Appeals

The Court has carefully considered the record and finds that the bankruptcy court has not abused its discretion with respect to any of the four challenged determinations in the 2009 Case.  In denying Schneller's motion to reopen the closed 2009 Case, the bankruptcy court found that Schneller had failed to make a prima facie showing that his underlying claims had merit.  (Dkt. No. 982, Case No. 09-10769 (Bankr. S.D.N.Y. Jul. 9, 2012))  The bankruptcy court also concluded that Schneller had not shown that the balance of hardships tipped significantly in his favor, and thus had not met the standard for retroactively lifting the automatic stay.  (Id.)

Based on the record before this Court, these determinations were within the bankruptcy court's broad discretion in deciding such a motion, and were not an abuse of discretion. See Smith v. Silverman (In re Smith), 645 F.3d 186, 189 (2d Cir. 2011) (per curiam).

In denying Schneller's motion for reconsideration of the July 9, 2013 order, the bankruptcy court concluded that, in this motion, Schneller merely attempted to advance arguments already rejected. (Dkt. No. 991, Case No. 09-10769 (Bankr. S.D.N.Y. Jun. 27, 2013)) This determination was not an abuse of discretion. In the same order, the bankruptcy court further concluded that Schneller's claim for sanctions against the debtors' counsel was frivolous, noting that Schneller had not explained why any of the debtors' counsel's allegedly false statements were false, and that Schneller "wholly fail[ed] to acknowledge that the state court action was dismissed as against the Debtors." (Id.) Based on a review of the record—including the record of Schneller's voided attempt to remove his dismissed-with-prejudice Second State Court Action to the Bankruptcy Court for the Eastern District of Pennsylvania—this determination was not an abuse of discretion, and the bankruptcy judge's related factual findings were not clearly erroneous. (See Dkt. No. 6, Case No. 13-00529 (JKF) (Bankr. E.D. Pa. Dec. 11, 2013))

Finally, Schneller's appeal of the bankruptcy court's denial of his application to appeal in forma pauperis is dismissed as moot. This Court granted Schneller's application to proceed in forma pauperis and has considered the substance of Schneller's appeal. (Dkt. No. 7, 13 Civ. 6554).

Turning to the June 27, 2013 order in the 2012 Case, Judge Gropper provided the following "Reason for Disallowance" in connection with the expungement of Schneller's claims:

> The claim is based on a suit filed in December 2009 alleging defamation in October 2008. The debtors' prior bankruptcy began on February 21, 2009. The

> Plan and Confirmation Order in that case discharged all claims arising before the Effective Date on August 7, 2009, pursuant to section 1141(d). Accordingly, under section 524(b) and the Plan and Confirmation Order in the previous bankruptcy proceedings, the claimant cannot collect on his claim from the Debtors here, and the entire claim should thus be disallowed.

(Dkt. No. 682 Case No. 12-13774 (Bankr. S.D.N.Y.)) Based on a review of the record, Judge Bernstein's factual findings are not clearly erroneous. Schneller's suit was brought four months after the Effective Date of the confirmed 2009 Plan. The Debtors provided publication notice of the 2009 Case and the deadline to file claims in multiple newspapers, including the same publication in which the article that is the subject of Schneller's State Court Action was printed. Schneller never filed a proof of claim in the 2009 Case; he sought and failed to reopen the long-closed 2009 Case and to modify the permanent injunction entered in that case. Accordingly, there was no legal basis for preserving Schneller's claim in the 2012 Case, and Judge Bernstein correctly discharged and expunged the claim in its June 27, 2013 order.

The Court notes that despite his unrepresented status, Schneller is no ordinary pro se litigant. As Judge Bernstein recognized in denying Schneller's application for leave to proceed in forma pauperis in the 2012 Case, "Schneller is a serial plaintiff who ignores adverse judicial determinations and continues to pursue frivolous litigation." (Dkt. No. 730, Case No. 12-13774 (Bankr. S.D.N.Y. Jul. 30, 2013)). Schneller has filed over thirty pleadings in the two bankruptcy cases, including approximately twenty pleadings in the 2012 Case since his application to proceed in forma pauperis on the instant appeal was denied. On February 24, 2014, Judge Bernstein issued an order limiting Schneller's right to file applications in the 2012 Case. (Id., Dkt. No. 978) Such a court-imposed restriction based on abusive or frivolous filings is not new for this litigant: in dismissing one of Schneller's many failed petitions for a writ of certiorari, the Supreme Court of the United States stated that Schneller "has repeatedly abused

this Court's process," and accordingly directed the clerk not to accept any further petitions without payment of the Court's docketing fee and compliance with its procedural rules. Schneller v. Cortes, 557 U.S. 916, 129 S.Ct. 2830 (2009). Here, both bankruptcy courts have properly repeatedly disposed of Schneller's myriad frivolous attempts to pursue meritless state claims that were dismissed with prejudice by the Pennsylvania state courts nearly three years ago.

CONCLUSION

For the foregoing reasons, the orders of the bankruptcy courts (Dkts. No.982, 991 and 994, Case No. 09-10769 (Bankr. S.D.N.Y.)), and Dkt. No. 682, Case No. 12-13774 (Bankr. S.D.N.Y.)) are AFFIRMED, and the appeals are dismissed. The Clerk is directed to close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
       May 21, 2014

P. Kevin Castel
United States District Judge